# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| JANE DOE, | ) |
|                Plaintiff, | ) No. 2:21-cv-1565-DCN |
| vs. | ) **ORDER** |
| NATRAJ ENTERPRISES, INC. d/b/a RELAX INN AND SUITES; SIMI HOSPITALITY, INC. d/b/a CREEKSIDE LANDS INN; and THE MONTFORD GROUP, LLC, | ) |
|                Defendants. | ) |

This matter comes before the court on defendants Natraj Enterprises, Inc. ("Natraj"); Simi Hospitality, Inc. ("Simi"); and The Montford Group, LLC's ("Montford") (collectively, "defendants") motion to strike, ECF No. 3. For the reasons set forth below, the court grants in part and denies in part the motion.

## I. BACKGROUND

Plaintiff Jane Doe ("Doe") is a victim of sex trafficking, who was "trafficked, sexually exploited, and victimized" at the hands of her trafficker for over a year during 2019 and 2020. ECF No. 1-1 at 1–30, Compl. ¶ 10. According to Doe's complaint, her trafficker operated in large part out of two hotels: the Relax Inn and Suites, allegedly owned and operated by Natraj, and the Creekside Lands Inn, allegedly owned and operated by Simi and Montford. Doe specifically alleges that she was "subject to repeated instances of rape, physical abuse, verbal abuse, exploitation, psychological torment, kidnapping, and false imprisonment at" defendants' hotels. Id. ¶ 34.

1

On April 22, 2021, Doe filed this action against defendants in the Charleston County Court of Common Pleas. Id. She alleges that defendants were complicit in her trafficking by exercising an "entrenched, pervasive willful blindness" toward "well-known and easily identifiable signs of sex trafficking" for the purpose of maximizing profits. Id. ¶¶ 90, 128. Doe asserts the following claims: (1) negligence, (2) aiding and abetting human trafficking, (3) violation of the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. § 1591, et seq. ("TVPRA"), and (4) violation of the "Trafficking Against Persons article of [ ] S.C. Code Ann. § 16-3-2010 et al."[1] On May 26, 2021, Natraj removed the action to this court. ECF No. 1. The same day, defendants jointly filed a motion to strike. ECF No. 3. On June 25, 2021, Doe responded, ECF No. 12, and on July 2, 2021, defendants replied, ECF No. 14. As such, the motion has been fully briefed and is now ripe for the court's review.

## II.  STANDARD

Fed. R. Civ. P. 12(f) provides, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." This court has defined an impertinent allegation as one "not responsive or relevant to the issues involved in the action and which could not be put in issue or be given in evidence between the parties," and a scandalous allegation as one which "improperly casts a derogatory light on someone, usually a party to the action." Sanders v. Reg'l Fin. Corp. of S.C., 2017 WL 3026069, at *2 (D.S.C. July 14, 2017). Although the law entrusts district courts with broad discretion in resolving motions to strike, United States v. Ancient Coin Collectors Guild, 899 F.3d 295, 324 (4th Cir. 2018), the Fourth Circuit has

---

[1] Doe's fourth cause of action is mistakenly labeled as her fifth. Compl. ¶ 181.

advised that motions to strike "are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic,'" Waste Mgmt. Holdings v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A Wright & Miller, Federal Practice & Procedure § 1380 (2d ed. 1990)).

Accordingly, a district court should deny a request to strike unless the challenged allegations "have no possible relation to the controversy and may cause prejudice to one of the parties." Graff v. Prime Retail, Inc., 172 F. Supp. 2d 721, 731 (D. Md. 2001), aff'd sub nom. Marsh Grp. v. Prime Retail, Inc., 46 F. App'x 140 (4th Cir. 2002). In other words, "[a] matter should not be stricken unless it has no possible bearing upon the litigation." Morton v. Town of Wagram, 2001 WL 68232, at *2 (M.D.N.C. Jan. 19, 2001) (internal quotation marks omitted). The moving party bears a "sizeable burden" to show that a striking a matter from party's pleading is justified. Adams v. 3D Sys., Inc., 2019 WL 8754875, at *11 (D.S.C. Nov. 26, 2019), report and recommendation adopted, 2020 WL 1527056 (D.S.C. Mar. 31, 2020).

### III. DISCUSSION

In their motion, defendants ask the court to strike over eighty allegations from Doe's 189-allegation-long complaint. Defendants group their voluminous collection of challenged allegations into the following categories: (1) allegations that provide a synopsis of the modern-day sex trafficking industry, including the role of hotels; (2) allegations regarding franchise relationships within the hospitality industry and the ways in which they relate to sex trafficking; and (3) allegations containing customer reviews of defendants' hotels. As an initial matter, Doe has agreed to strike several allegations

3

within the first category that concern the sex trafficking industry's use of children.  ECF No. 12 at 7 n.1.  As defendants point out, Doe was over the age of 18 at all relevant times, meaning that information about the trafficking of children necessarily "has no possible bearing upon the litigation."  Morton, 2001 WL 68232, at *2.  Accordingly, the court grants defendants' motion with respect to the allegations of Doe's complaint contained in paragraphs 8, 47–49, 70, 85, and 87.[2]  For the reasons below, the court denies the motion in all other respects.

Turning to the first category of allegations, Doe's complaint provides a synopsis of the sex trafficking industry, including statistics reflective of its prevalence in modern society, common methods used by traffickers, and telltale indicators of trafficking activity.  Defendants argue that "the narrative overview of the sex trafficking industry as a whole is not responsive or relevant to the issues involved in this action" and should therefore "be stricken as impertinent."  ECF No. 3 at 5–6.  The court disagrees for several reasons.  For one, the allegations provide relevant and edifying background information that helps place Doe's claims in their proper context.  Of course, the law is not so inflexible as to require a plaintiff to direct every allegation of her complaint to the defendants and the specific unlawful conduct in which they allegedly engaged.  Instead, the rules permit a plaintiff to include allegations that set the backdrop for the dispute, in addition to ones that actually assert claims.  See NCB Mgmt. Servs., Inc. v. F.D.I.C., 843 F. Supp. 2d 62, 72 (D.D.C. 2012) ("[I]t is routine for parties to provide . . . a certain amount of background information that is not directly relevant to the merits of the

---

[2] Doe is therefore ordered to recast her complaint within fourteen days from the date of this order, omitting the above-listed paragraphs from her updated complaint.

claim."). Even where background-information allegations are "not directly relevant" to a plaintiff's claims, they should not be stricken where they "provide helpful context" for the dispute. Id.; see also Stanbury L. Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000) (holding that allegations "not strictly relevant" to the plaintiff's claims nevertheless provided "important context and background to [his] suit"); Adams, 2019 WL 8754875, at *12 (D.S.C. Nov. 26, 2019) ("Plaintiff may be able to present information as background that is not the precise subject of a viable claim. The law's preference is not to strike matters from pleadings."); Hooper v. BWXT Gov't Grp., Inc., 2016 WL 6538000, at *5 (W.D. Va. Nov. 3, 2016) ("The mere fact that certain assertions in a complaint do not give rise to liability does not mean that they are irrelevant, nor does it require this Court to strike them.").

Allegations that provide background information are particularly helpful, and therefore less susceptible to requests to strike, where—as here—they seek to illuminate a clandestine topic, such as an illegal industry intentionally obscured by its orchestrators. As the allegations of Doe's complaint note, the modern sex trafficking industry is well-established, far-reaching, and hugely profitable. See, e.g., Compl. ¶ 46 ("According to the United States Department of Homeland Security in 2016, the horrific crime of human trafficking and the sexual exploitation of trafficking victims generates billions of dollars each year in illegal proceeds, making it more profitable than any transnational crime except drug trafficking."). Because it operates in the shadows, the ways in which the sex trafficking industry functions in modern society are not generally well known. Doe's allegations provide information that may better equip the court resolve her claims by aiding in the court's understanding of the industry from which they arise. While the

background information Doe includes in her complaint may be more comprehensive than that strictly necessary to understand her claims, the court cannot say that the allegations "have no possible relation to the controversy[.]" Graff, 172 F. Supp. 2d at 731. The court therefore declines to strike them.

With respect to the second category, defendants argue that the allegations "regarding how the franchisor/franchisee relationship in the hotel industry contribute to the sex trafficking industry . . . are not facts necessary to support any legal claim." ECF No. 3 at 8. Again, because Doe's allegations need not be "strictly relevant" to her claims, the court rejects this argument. Stanbury, 221 F.3d at 1063. Defendants also seem to indicate that the franchise allegations are irrelevant because defendants own their hotels independently, not pursuant to a franchise agreement. See ECF No. 3 at 8 ("[T]he Relax Inn owned by Natraj is not a franchisor of another hotel brand; rather, it is its own independent hotel. Plaintiff does not allege that there is a franchisor/franchisee relationship between Simi and Montford."). But the law is clear that a motion to strike is an improper vehicle for challenging relevant factual allegations. See Thornhill v. Aylor, 2016 WL 258645, at *2 (W.D. Va. Jan. 20, 2016) ("[A] disputed question of fact cannot be decided on motion to strike.") (quoting Augustus v. Bd. of Pub. Instruction of Escambia Cty., Fla., 306 F.2d 862, 868 (5th Cir. 1962)). "In such circumstances, the court should defer action on the motion and leave the sufficiency of the allegations for determination on the merits." Id. The court does just that here.

The third category of allegations presents a closer question. Doe's complaint includes three reviews originally posted online by customers of the Relax Inn and Suites and the Creekside Inn. Compl. ¶¶ 133–134. The reviews lament unsafe conditions,

unclean rooms, and the presence of drug activity. Although perhaps tenuous, the court agrees with Doe that there exists a connection between these allegations and her claims. As Doe points out, some of her claims require her to demonstrate that defendants knew or should have known that sex trafficking was occurring at their hotels. For example, Doe's negligence claim depends upon whether defendants "knew or had reason to know of a probability of harm to [their] guests." Bass v. Gopal, Inc., 716 S.E.2d 910, 913 (S.C. 2011). Likewise, Doe's TVRA claim requires her to demonstrate that defendants "knowingly benefitted financially . . . from participation in a venture [that] it knew or should have known has engaged in sex trafficking." A.B. v. Marriott Int'l, Inc., 455 F. Supp. 3d 171, 181 (E.D. Pa. 2020) (quoting 18 U.S.C. § 1591) (internal alterations and quotation marks omitted). Courts, albeit without much discussion, have found that customer reviews can be relevant to the issue of a hotel's knowledge, be it constructive or actual, of sex trafficking activity. See B.M. v. Wyndham Hotels & Resorts, Inc., 2020 WL 4368214, at *2 (N.D. Cal. July 30, 2020); M.A. v. Wyndham Hotels & Resorts, Inc., 425 F. Supp. 3d 959, 967 (S.D. Ohio 2019); H.H. v. G6 Hosp., LLC, 2019 WL 6682152, at *3 (S.D. Ohio Dec. 6, 2019).

Although the reviews here do not mention sex trafficking directly, they concern conditions that, Doe alleges, are known indicators of trafficking activity. See A.B. v. Hilton Worldwide Holdings Inc., 484 F. Supp. 3d 921, 938 (D. Or. 2020) (noting that "factual allegations listing indicia of trafficking (i.e., condition of the hotel room, frequent male visitors) may support a theory that a hotel where Plaintiff was trafficked knew or should have known of Plaintiff's trafficking"). Therefore, although the connection between the allegations and Doe's claims are tenuous, the court cannot say

7

that there is "no possible relation" between the two, given that the reviews concern conditions that may put a hotel on notice of sex trafficking. Graff, 172 F. Supp. 2d at 731. While the court acknowledges that Doe's allegations place defendants in a negative light, the reviews were authored by customers and are available online, meaning that Doe's reproduction of them here does not reveal any scandalous or private information. Accordingly, defendants have failed to overcome their "sizeable burden" of justifying their request to strike them.

Due to the recent emergence of cases like Doe's, the court does not reach this trail unblazed. Many sex trafficking victims have authored complaints against the hotels in which they were trafficked and included in those complaints generalized allegations about the modern sex trafficking industry. In turn, many of those hotel-defendants have filed motions to strike, several of which garnered written opinions. Naturally, each party seizes on the case law beneficial to its position. In the string of cases upon which defendants rely, of course, courts struck the challenged allegations from the plaintiffs' complaints. As one epitomic example, the Northern District of Georgia struck a plaintiff's background-information allegations, characterizing them as "puffing about sex trafficking and what it is and why it's bad." Doe 1 v. Red Roof Inns, Inc., 2020 WL 1872335, at *5 (N.D. Ga. Apr. 13, 2020). The court reasoned, without further explanation, that "[s]uch matters have no bearing on issues in this case and could serve to prejudice Defendants and confuse the facts at issue." Id.; see also S.Y. v. Naples Hotel Co., 476 F. Supp. 3d 1251, 1259 (M.D. Fla. 2020) ("[T]he Court agrees that those [allegations] regarding sex trafficking in general and its relationship with the hospitality industry should be stricken as irrelevant.").

But more numerous—and, in the court's opinion, more convincing—are the decisions in which courts rejected requests to strike. For example, the Northern District of California declined to strike allegations similar to the ones defendants challenge here, reasoning that "[w]hile many of the challenged paragraphs are not directly relevant to [the plaintiff]'s claims against Defendants, they nonetheless supply information regarding the general issue of sex trafficking and the role of the hospitality industry." B.M. v. Wyndham Hotels & Resorts, Inc., 2020 WL 4368214, at *8 (N.D. Cal. July 30, 2020). The court also noted that the background information "helps with a fuller understanding of the Complaint as a whole." Id. Most courts that have faced this precise issue have agreed. See E.S. v. Best W. Int'l, Inc., 510 F. Supp. 3d 420, 435 (N.D. Tex. 2021) ("The Court finds that, at this stage, the allegations . . . provide appropriate context to Plaintiff's suit and do not meet the standard for being stricken under Rule 12(f)."); C. S. v. Holistic Health Healing, Inc., 2021 WL 857161, at *2 (M.D. Fla. Mar. 8, 2021); C. S. v. Wyndham Hotels & Resorts, Inc., 2021 WL 694178, at *2 (M.D. Fla. Feb. 23, 2021); S. Y. v. Wyndham Hotels & Resorts, Inc., 2021 WL 678594, at *2 (M.D. Fla. Feb. 22, 2021).

The court agrees with the rationale of the latter group. While not every one of Doe's allegations is directly relevant to her claims, the "drastic remedy" of striking allegations is heavily disfavored and should be reserved for situations in which justice compels its use. See Augustus v. Bd. of Pub. Instruction of Escambia Cry., Fla., 306 F.2d 862, 868 (5th Cir. 1962). Because the challenged allegations provide helpful context for Doe's claims and may prove relevant to her case, the court declines to strike them. Further, the court cannot strike Doe's allegations because defendants believe them

9

to be unflattering.  See Sec. & Exch. Comm'n v. Perkins, 2020 WL 4805435, at *2 (E.D.N.C. Aug. 18, 2020) (Allegations "cannot be stricken under Rule 12(f) because defendant believes them to be salacious, unverified, and rambling.  Rather, the[y] may only be stricken if this court's failure to do so may cause some form of significant prejudice[.]").  Although Doe's complaint portrays defendants in a negative light, it is her substantive allegations of unlawful behavior that do so, not allegations that are "redundant, immaterial, impertinent, or scandalous[.]" Fed. R. Civ. P. 12(f).  Such is the nature of litigation.

## IV.   CONCLUSION

For the foregoing reasons the court **GRANTS IN PART AND DENIES IN PART** defendants' motion to strike.

**AND IT IS SO ORDERED.**

---
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**July 28, 2021**
**Charleston, South Carolina**

10